## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VANESSA REDUS,
           Appellant,

v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
AT-0353-17-0132-B-1

DATE: December 23, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vanessa Redus</u>, Cordova, Tennessee, pro se.

<u>Lori Markle</u>, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action in this restoration appeal. On petition for review, the appellant disagrees with the administrative judge's findings and asserts that she made "repeated efforts" to engage agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

management "for nearly a year beginning in July 2015." Petition for Review File, Tab 1. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's finding that the appellant proved by preponderant evidence that she was absent from her position due to a compensable injury, she recovered sufficiently to return to work in a position with less demanding physical requirements, and the agency's denial of her restoration request was arbitrary and capricious. We REVERSE the administrative judge's finding that she did not prove that the agency denied her restoration request and FIND INSTEAD that she proved that the agency denied her restoration request. We FURTHER FIND that the appellant proved the elements of her restoration appeal and GRANT her request for corrective action.

To prove the merits of her restoration appeal as a partially recovered employee, the appellant must prove the following by preponderant evidence: (1) she was absent from the position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12; *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶¶ 11-12 (2016). The administrative judge found that the appellant proved elements (1), (2), and (4), but she did not prove element (3). *Redus v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0132-B-1, Remand File (RF), Tab 26, Remand Initial Decision (RID) at 6-9. Based on the undisputed facts and agency concession, we affirm his findings as to elements (1), (2), and (4). The only question before us is whether the administrative judge properly concluded that the appellant did not prove element (3).

In pertinent part, the administrative judge noted that partially recovered employees may not appeal the details or circumstances of their restoration, but under certain circumstances, a restoration may be deemed so unreasonable as to

amount to a denial of restoration. RID at 6 (citing *Kingsley*, 123 M.S.P.R. 365, ¶ 13). The administrative judge evaluated the appellant's restrictions and the October 1, 2015 modified duty assignment, and he concluded that "it was unclear whether the position met the appellant's restrictions." RID at 8. Nevertheless, the administrative judge found that the "very closeness of the discussion means that the modified duty offer was not 'so unreasonable as to amount to a denial of restoration.'" RID at 8-9 (citing *Kingsley*, 123 M.S.P.R. 365, ¶ 13). He also found that the appellant ignored repeated attempts by the agency to obtain information regarding why the offer did not meet her restrictions and that her decision to decline the agency's offer and failure to engage with its information requests meant that the offer was not an "effective denial" of restoration. RID at 9 (citing *Scott v. U.S. Postal Service*, 59 M.S.P.R. 245, 247-49 (1993)). Accordingly, he concluded that the appellant did not prove by preponderant evidence that the agency effectively denied her restoration request. *Id.*

We disagree with the administrative judge's analysis as to element (3). The administrative judge correctly noted that the difference in parameters between the October 1, 2015 modified duty assignment and the appellant's medical restrictions was that the modified duty assignment had an "Avg. Time Spent" on fine manipulation of 4-8 hours per day, while her medical restrictions stated that she could only do *a maximum of 4 hours a day*. RID at 8. *Compare Redus v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0132-I-1, Initial Appeal File (IAF), Tab 5 at 5, *with* IAF, Tab 11 at 8. Because the appellant was restricted to a maximum of 4 hours a day of fine manipulation, it is not clear why the agency would offer her a modified duty assignment that could have exceeded such restrictions.[2] Accordingly, we conclude that the agency's response to her

---

[2] Moreover, the agency admitted that the October 31, 2016 and December 1, 2016 return to work notices were sent in error because it was somehow unaware of the second outstanding injury compensation case. RID at 5; IAF, Tab 6 at 22, 27, Tab 16 at 5, 7.

July 6, 2015 restoration request was tantamount to a denial of restoration.[3] *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 9 (2013). We therefore conclude that the appellant proved the elements of her restoration appeal, and she is entitled to corrective action.[4]

The proper remedy in this matter is for the agency to conduct an appropriate search within the local commuting area retroactive to the date of the appellant's request for restoration, and to consider her for any suitable vacancies. *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 14 (2012). The remedy of a retroactive search for available positions will be sufficient to correct the wrongful action and substitute it with a correct one based on the appropriate search. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶ 14 (2013), *overruled on other grounds by Cronin*, 2022 MSPB 13. It will not, however, put the appellant in a better position than she was in before the wrongful action because the agency may not find an appropriate available position. The appellant may be entitled to back pay only if the agency's restorative search uncovers an available position to which it could have restored her. *Id.*

---

[3] The administrative judge properly noted that the appellant admitted that she did not attend the ordered investigative interviews. RID at 4. However, we disagree with the administrative judge's characterization that the appellant "ignored repeated attempts by the agency to obtain information regarding why the offer did not meet her restrictions." RID at 7, 9. Rather, the record reflects that she called the District Operations Supervisor "almost each time" an investigative interview was scheduled, she also contacted her union official who advised management as to the reason that she did not attend those meetings, and she continued to provide CA-17 forms completed by her doctor, dated October 8, 2015, February 5, 2016, February 19, 2016, and January 12, 2017. RID at 3; IAF, Tab 5 at 4-8, Tab 11 at 1-2, 4.

[4] Although the appellant originally raised a claim of disability discrimination in this matter, the administrative judge noted in the summary of prehearing conference that she clarified that she was not raising such a claim on remand. RF, Tab 23 at 2. The appellant did not file an objection or otherwise disagree with the administrative judge's statement in that regard, nor does she assert that the administrative judge's failure to adjudicate such a claim was error.

**ORDER**

We ORDER the agency to conduct a proper job search retroactive to July 6, 2015. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

In the event that the agency's restorative job search uncovers an available position to which it could have restored the appellant between July 6, 2015, and January 18, 2017,[5] we ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not

---

[5] The parties do not dispute that the agency offered to the appellant a limited duty modified assignment on January 18, 2017, and the appellant accepted this assignment. RID at 5; IAF, Tab 11 at 7-9.

fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.